**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**JACKIE D. JOHNSON**                                                                                **PLAINTIFF**

**v.**                                            **CASE NO. 3:13CV00225 BSM**

**TERRY BURDIN**                                                                                    **DEFENDANT**

## ORDER

Defendant Terry Burdin's motion to dismiss [Doc. No. 5] is granted.

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief can be granted. To meet the 12(b)(6) standard, a complaint must sufficiently allege facts that will entitle the plaintiff to the relief sought. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id*.

Plaintiff Jackie D. Johnson is suing Burdin, an Arkansas state trooper, in connection with Johnson's November 24, 2012, stop at a sobriety checkpoint near Pocahontas, Arkansas. As Burdin is a state official, he is entitled to sovereign immunity. *See Murphy v. State*, 127 F.3d 750, 754 (8th Cir. 1997). Even absent immunity, Johnson fails to state a claim upon which relief can be granted. No precedent exists supporting Johnson's contention that a police checkpoint placed near a road curve violates his Eighth Amendment rights. Furthermore, while Johnson claims his Fourth Amendment rights were violated when officers asked for his license and proof of insurance, he does not plead any facts to support this claim.

Accordingly, Burdin's motion to dismiss is granted.

IT IS SO ORDERED this 17th day of December 2013.

*/s/ Brian S. Miller*
UNITED STATES DISTRICT JUDGE